# EXHIBIT A



**Service of Process Transmittal**
03/24/2021
CT Log Number 539262109

| | |
|---|---|
| **TO:** | Greg Snyder<br>Commonwealth Financial Systems Inc.<br>245 Main St<br>Dickson City, PA 18519-1641 |
| **RE:** | **Process Served in Ohio** |
| **FOR:** | Commonwealth Financial Systems Inc. (Domestic State: PA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kristina N. Valentino, Pltf. vs. Commonwealth Financial Systems Inc, Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CV00464 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/24/2021 postmarked on 03/19/2021 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780108412801<br><br>Image SOP<br><br>Email Notification, Greg Snyder gsnyder@cfsi-arm.com<br><br>Email Notification, Josh Gindin jgindin@gindinkessler.com<br><br>Email Notification, Lori Schmitt lschmitt@sessions.legal<br><br>Email Notification, Diana Orellana dorellana@sessions.legal<br><br>Email Notification, Michelle Hospodor mhospodor@cfsi-arm.com<br><br>Email Notification, Sessions Firm Sessions.lawsuits@sessions.legal |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)



**Service of Process Transmittal**
03/24/2021
CT Log Number 539262109

**TO:** Greg Snyder
Commonwealth Financial Systems Inc.
245 Main St
Dickson City, PA 18519-1641

**RE:** **Process Served in Ohio**

**FOR:** Commonwealth Financial Systems Inc. (Domestic State: PA)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of 2 / MK

**IF UNDELIVERABLE RETURN TO**

**ANTHONY VIVO**
Mahoning County Clerk of Courts
120 MARKET STREET, YOUNGSTOWN OHIO 44503-1756

CERTIFIED MAIL



9414 7266 9904 2167 0614 17



U.S. POSTAGE >> PITNEY BOWES

ZIP 44503 $ 007.16
02 4W
0000362976 MAR 19. 2021

2021 CV 00464
9414 7266 9904 2167 0614 17

COMMONWEALTH FIN SYSTEMS IN
C/O CT CORPORATION SYSTEM, S/A
4400 EASTON COMMONS WAY
SUITE 125
COLUMBUS, OH 43219

4321986223 C015

Court of Common Pleas, Mahoning County
120 Market Street
Youngstown, Ohio 44503

## SUMMONS ON COMPLAINT

Rule 4 Ohio Rules of Civil Procedure

------========*========------

Case No. 2021 CV 00464

| | | |
|---|---|---|
| KRISTINA N VALENTINO<br>143 BOARDMAN CANFIELD<br>ROAD<br>APT. 174<br>BOARDMAN, OH 44512 | -vs- | COMMONWEALTH FIN SYSTEMS INC<br>C/O CT CORPORATION SYSTEM, S/A<br>4400 EASTON COMMONS WAY<br>COLUMBUS, OH 43219 |

TO: **COMMONWEALTH FIN SYSTEMS INC**

**C/O CT CORPORATION SYSTEM, S/A**
**4400 EASTON COMMONS WAY**
**COLUMBUS, OH 43219**

Defendant

To the above named defendant(s): (See attached complaint for additional parties)

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

You are required to serve upon the plaintiff('s') attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

The name and address of the plaintiff('s') attorney is as follows:

MATTHEW L ALDEN ESQ
2012 W. 25TH STREET
SUITE 701
CLEVELAND OH 44113

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

ANTHONY VIVO
Mahoning County Clerk of Courts

March 19, 2021

By: N. Dascenzo
Deputy Clerk

Summons issued to additional defendants:

*ELECTRONICALLY FILED*
*2021 Mar 18 PM 5:34*
*Anthony P. Vivo, CLERK OF COURT - MAHONING*

IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO
CIVIL DIVISION

| | |
|---|---|
| Kristina N. Valentino,<br>143 Boardman Canfield Road<br>Apt. 174<br>Boardman, Ohio 44512,<br><br>Plaintiff,<br><br>v.<br><br>Commonwealth Financial Systems, Inc.<br>c/o CT Corporation System, s/a<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219,<br><br>Defendant. | Case No.: 21CV 464<br><br>Judge: DONOFRIO<br><br>**Complaint For Money Damages And Injunctive Relief**<br><br>**Jury Demand Endorsed Hereon** |

For her Complaint against the Defendant, Commonwealth Financial Systems, Inc., Plaintiff Kristina N. Valentino ("Valentino") states as follows:

**Preliminary Statement**

1. This is an action for money damages and injunctive relief brought by Valentino against Commonwealth Financial Systems, Inc. ("Commonwealth Financial") for its violations of the Fair Credit Reporting Act, its violations of the Fair Debt Collection Practices Act, and the Ohio Consumer Sales Practices Act, in connection with its unlawful collection activity and unlawful accessing of Valentino's credit information.

**Jurisdiction And Venue**

2. This Court has jurisdiction over this matter pursuant to Oh. Rev. Code § 1345.04, Oh. Rev. Code § 2305.01, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d). Venue in Mahoning County is

1

proper because Commonwealth Financial attempted to collect a debt from Valentino in Mahoning County and Valentino is a resident of Mahoning County.

## Parties

3. Valentino is an adult individual presently residing in Boardman, Ohio and is a "consumer" as that term is defined in the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Consumer Sales Practices Act.

4. Commonwealth Financial is a Pennsylvania corporation whose principal business line is the collection of defaulted consumer debts owed to others.

5. For the purposes of this complaint, unless otherwise indicated, "Commonwealth Financial" means all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Commonwealth Financial Systems, Inc.

## Background

6. The principal business line of Commonwealth Financial is the regular collection of defaulted consumer debts owed or asserted to be owed to others.

7. Commonwealth Financial is not a creditor and never lent money to Valentino.

8. On November 26, 2019, Valentino and her husband filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio.

9. The case was docketed as *In re Gene Lewis Valentino and Kristina Nicole Valentino*, Case No.: 19-42156.

10. At the time she filed for bankruptcy, Valentino owed money for medical services that were provided to her on or about 2015 in North Carolina by Gastonia Physicians Services.

11. Valentino's bankruptcy case had no assets that could have been distributed to her creditors

2

and a "no-asset" report was filed on February 10, 2020.

12. By law, even though Gastonia Physician Services was not listed in her bankruptcy petition as an unsecured creditor, the amount owed to Gastonia Physician Services was automatically discharged.

13. On March 20, 2020, the bankruptcy court issued an order granting Valentino a discharge of all the unsecured consumer debt she owed at that time, including the purported debt owed to Gastonia Physician Services.

14. At no time after March 20, 2020 has Valentino sought services or credit from Gastonia Physician Services.

15. Despite the fact that Valentino owed no money to Gastonia Physician Services as of March 20, 2020, in late 2020 and early 2021, Commonwealth Financial began contacting Valentino demanding payment for the Gastonia Physician Services account.

16. Also, in late 2020 or early 2021 Valentino discovered that Commonwealth Financial had impermissibly pulled her TransUnion credit report as part of its illegal attempt to collect on the Gastonia Physician Services account.

17. After a reasonable time to conduct discovery, Valentino believes she can prove that all actions taken by Commonwealth Financial as described in this Complaint were taken willfully with the desire to harm Plaintiff, with knowledge that the actions were taken in violation of the law and with reckless disregard for Plaintiff's rights.

18. Valentino reasonably fears that, absent this Court's intervention, Commonwealth Financial will:

    a. continue to engage in illegal collection activity;

    b. continue to illegally access her personal, private and financial information;

3

  c. ultimately attempt to seek payment from her on a discharged debt; and

  d. ultimately cause harm to her credit or otherwise harm her economically.

19. Because of the actions taken by Commonwealth Financial in attempting to collect on a consumer debt that Valentino does not owe, Valentino was forced to hire an attorney and her damages include reasonable attorney fees incurred in pre-suit representation and prosecuting this case.

20. Because of the actions taken by Commonwealth Financial, Valentino is entitled to statutory damages, punitive damages, and all other appropriate measures to punish and deter similar future illegal practices by Commonwealth Financial.

### Claim No. 1: Violation of 15 U.S.C. § 1681n

21. All prior paragraphs are incorporated into this claim by reference.

22. Commonwealth Financial is a furnisher and user of consumer credit information.

23. At no time did Valentino apply for credit from Commonwealth Financial.

24. Upon information and belief, Commonwealth Financial knowingly and willfully requested and obtained Valentino's consumer credit report from either TransUnion or Equifax.

25. Commonwealth Financial lacked any permissible purpose in conducting "account reviews" or in obtaining Valentino's personal credit information after she filed for bankruptcy.

26. Upon information and belief, Commonwealth Financial knowingly and willfully obtained Valentino's information from Trans Union and/or Equifax under false pretenses causing her credit score to drop by at least 50 points.

27. Upon information and belief, as a direct and proximate result of Commonwealth Financial's violations of the Fair Credit Reporting Act, Plaintiff has suffered and will continue to suffer considerable harm and injury including, but not limited to, mental distress and emotional

4

anguish stemming from the ongoing invasion of her privacy, entitling Plaintiff to an award of actual damages in an amount to be proven at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681n.

28. Upon information and belief, additionally, the harm suffered by Valentino is attended by circumstances of fraud and willful misconduct, entitling Plaintiff to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

### Claim No. 2: Violation of 15 U.S.C. § 1681o

29. All prior paragraphs are incorporated into this claim by reference.

30. Commonwealth Financial is a furnisher and user of consumer credit information.

31. Prior to and after filing for bankruptcy, at no time did Valentino apply for credit from Commonwealth Financial.

32. Upon information and belief, Commonwealth Financial negligently requested and obtained Plaintiff's consumer report from Trans Union and/or Equifax.

33. Upon information and belief, Commonwealth Financial lacked any permissible purpose in conducting "account reviews" or in obtaining Valentino's personal credit information after she had filed for bankruptcy.

34. Upon information and belief, Commonwealth Financial negligently obtained Valentino's information from Trans Union and/or Equifax under false pretenses.

35. After a reasonable time to conduct discovery, Valentino believes she can prove:

a. that Commonwealth Financial has received other disputes from consumers like Plaintiff, complaining of the same conduct as alleged in this complaint. Specifically, Commonwealth Financial routinely obtains consumer reports on consumers that Commonwealth Financial knows or should know have filed for bankruptcy;

5

b. that despite the receipt of disputes from consumers, Commonwealth Financial refuses to correct its policies and procedures with respect to obtaining consumer reports after bankruptcy filings; and

c. that Commonwealth Financial is engaged in a pattern and practice of unlawful behavior with respect to the accessing of consumer reports on individuals who have filed for bankruptcy.

36. As a direct and proximate result of Commonwealth Financial's violations of the Fair Credit Reporting Act, Plaintiff has suffered and will continue to suffer considerable harm and injury including, but not limited to, a decrease in her credit score, mental distress and emotional anguish stemming from the ongoing invasion of her privacy, entitling Plaintiff to an award of actual damages in an amount to be proven at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o(a)(1) & (2).

### Claim No. 3: Violations of the Federal Fair Debt Collection Practices Act

37. All prior paragraphs are incorporated into this claim by reference.

38. Valentino is a "consumer" as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a(3).

39. Commonwealth Financial is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) because Commonwealth Financial regularly uses the instrumentalities of interstate commerce to collect debts for another or for its own account that are in default and for which Commonwealth Financial was not the original lender.

40. The principal business of Commonwealth Financial is the collection of defaulted consumer debts owed to others.

41. The Gastonia Physician Services account that Commonwealth Financial was trying to collect from Valentino was a debt which arose out of a transaction which was primarily for

personal, family or household purposes as defined by the FDCPA at 15 U.S.C. § 1692a(5).

42. Commonwealth Financial misrepresented the character of the debt and the legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) because Valentino does not owe Gastonia Physician Services any money.

43. Commonwealth Financial made false and misleading representations prohibited by 15 U.S.C. § 1692e by asserting to Valentino that she must pay the Gastonia Physician Services account, when she did not owe Gastonia Physician Services any money.

44. Commonwealth Financial engaged in unfair, unconscionable, and deceptive practices in violation of 15 U.S.C. §1692f by attempting to collect a debt from Valentino that she does not owe.

45. As a direct and proximate result of Commonwealth Financial's violations of the Fair Debt Collection Practices Act, Commonwealth Financial is liable to Valentino in the sum of Valentino's actual damages, statutory damages, costs, and attorneys' fees, an amount which exceeds $25,000.00.

**Claim No. 4: Violations of the Ohio Consumer Sales Practices Act**

46. All prior paragraphs are incorporated into this claim by reference.

47. Valentino is a "consumer" as defined by the Ohio Consumer Sales Practices Act, Oh. Rev. Code § 1345.01(D).

48. Commonwealth Financial is a "supplier" as defined by the Consumer Sales Practices Act, Oh. Rev. Code §1345.01(C).

49. Commonwealth Financial is directly engaged in the business of effecting "consumer transactions".

50. The principal business purpose of Commonwealth Financial is the collection of defaulted

7

consumer debts owed to others.

51. Commonwealth Financial committed unfair, deceptive and unconscionable acts or practices in violation of Oh. Rev. Code §§ 1345.02(A) and 1345.03(A) of the Consumer Sales Practices Act including attempting to collect on a debt that Commonwealth Financial knew or should have known that Valentino does not owe.

52. Such acts and practices have been previously determined by Ohio courts to violate the Consumer Sales Practices Act, Oh. Rev. Code §§ 1345.01 to 1345.99.

53. Commonwealth Financial committed the violations after such decisions were available for public inspection pursuant to Oh. Rev. Code § 1345.05(A)(3).

54. Specifically, the following cases have held that similar unfair and deceptive acts and practices violate the Ohio Consumer Sales Practices Act: *State ex rel. Montgomery v. Montgomery Ward, et al.*, Case No.: 98-CVH-08-6054, Franklin Co. Court C.P. (August 7, 1998) (PIF # 10001674); *State ex rel. DeWine v. Rotech Holdings Ltd.*, Case No.: 15-CV-9736, Franklin Co. Court C.P. (August 1, 2016) (PIF # 3269); *In The Matter of United Collection Bureau, Inc.*, State of Ohio, Office of the Attorney General Consumer Protection Section, Docket No.: 36490 (August 12, 2010) (PIF # 10002890); and *Becker v. Montgomery, Lynch* (N.D. Oh. 2003), Case No.: 1:02 CV 874 (PIF # 10002153).

55. Additionally, under well-settled Ohio law, a violation of the Fair Debt Collection Practices Act is also a violation of the Consumer Sales Practices Act. *Becker v. Montgomery, Lynch* (N.D. Oh. 2003), Case No.: 1:02 CV 874 (PIF # 10002153).

56. Commonwealth Financial knowingly committed the unfair, deceptive, and unconscionable acts and practices.

57. As a direct and proximate result of Commonwealth Financial's unfair, deceptive, and

unconscionable acts and practices, Ms. Valentino has been damaged in amounts to be proven at trial in excess of $25,000.00.

58. Commonwealth Financial's actions in this matter have been willful and undertaken with such reckless disregard of Ms. Valentino's rights that malice may be inferred, subjecting Commonwealth Financial to liability for punitive damages in an amount in excess of $25,000.00.

## Prayer for Relief

**Wherefore**, Plaintiff Valentino prays for judgment against Defendant Commonwealth Financial as follows:

1. An award of actual damages in such amounts to be proved at trial in excess of $25,000.00, pursuant to 15 U.S.C.§§ 1681n(a)(1) & 1681o(a)(1);

2. An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

3. An award of punitive damages, in excess of $25,000.00, pursuant to 15 U.S.C. § 1681n(a)(2);

4. Money damages equal to 3 times Valentino's actual damages or $200.00 for each unlawful act specified, whichever is greater, pursuant to Oh. Rev. Code § 1345.09(B);

5. For punitive damages in amounts to be proven at trial in excess of $25,000.00;

6. For an order declaring that Commonwealth Financial engaged in acts and practices in violation of the Ohio Consumer Sales Practices Act;

7. For a permanent injunction enjoining Commonwealth Financial and its agents, servants, employees, successors or assigns, and all persons acting in concert and participation with them, directly or indirectly, through any corporate device, partnership, or other association, under this or any other name, from engaging in the acts and practices described in this complaint in the State of Ohio until complying with the laws of the State of Ohio and satisfaction of any monetary

obligations to Valentino;

8. For an amount of money in excess of $25,000.00 equal to Valentino's actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, and her costs and attorney fees pursuant to 15 U.S.C. § 1692k;

9. For Pre-judgment and post-judgment interest;

10. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) & 1681o(a)(2), and Oh. Rev. Code § 1345.09(F)(2); and

11. All other legal or equitable relief to which Plaintiff may be entitled.

### Demand For A Jury Trial

Pursuant to Oh. Civ. R. 38, Plaintiff demands a trial by jury on all issues of fact.

Respectfully submitted,

/s/ Matthew L. Alden
Matthew L. Alden (0065178)
James A. Kashien (0099726)
Luftman, Heck & Associates LLP
2012 West 25th Street, Suite 701
Cleveland, Ohio 44113-4131
Phone: 216-586-6600
Fax: 216-539-9326
malden@lawlh.com
jkashien@lawlh.com
Counsel for Plaintiff Kristina N. Valentino

10